**Michael Adam ASSENBERG; Carla Kearney, Plaintiffs—Appellants,**

v.

**ANACORTES HOUSING AUTHORITY, Defendant—Appellee.**

No. 06–35545.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2008.*

Filed March 5, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Lonnie G. Davis, Seattle, WA, for Plaintiffs–Appellants.

Neil A. Dial, Jeremy Robert Larson, Foster Pepper, PLLC, Seattle, WA, for Defendant–Appellee.

Before: BEEZER, KLEINFELD, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Plaintiffs Michael Assenberg and Carla Kearney appeal the district court's summary judgment in favor of the Defendant Anacortes Housing Authority ("AHA"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

█ The district court properly rejected the Plaintiffs' attempt to assert the medical necessity defense. *See Raich v. Gonzales*, 500 F.3d 850, 861 (9th Cir.2007) (stating that the defense may be considered only when the medical marijuana user has been charged and faces criminal prosecution). The Fair Housing Act, Americans with Disabilities Act, and Rehabilitation Act all expressly exclude illegal drug use, and AHA did not have a duty to reasonably accommodate Assenberg's medical marijuana use. *See* 42 U.S.C. §§ 3602(h), 12210(a); 29 U.S.C. § 705(20)(C)(i).

█ AHA did not violate the Department of Housing and Urban Development's ("HUD") policy by automatically terminating the Plaintiffs' lease based on Assenberg's drug use without considering factors HUD listed in its September 24, 1999 memo. HUD does not mandate that public housing authorities consider the factors elucidated in its memo prior to terminating a lease based on illegal drug use.

Because the Plaintiffs' eviction is substantiated by Assenberg's illegal drug use, we need not address his claim that his snakes qualify as "service animals" or whether AHA offered a reasonable accommodation.

The district court properly dismissed Assenberg's state law claims. Washington law requires only "reasonable" accommodation. *See* Wash. Rev.Code § 49.60.222(2)(b). Requiring public housing authorities to violate federal law would not be reasonable.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. On January 17, 2007, we denied AHA's motion to reconsider the Appellate Commissioner's December 1, 2006 order to reinstate the appeal.